IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THERESA B. BRADLEY,

   Plaintiff,

      v.

KEITH LOGUE,

   Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-0396-TWT

OPINION AND ORDER

This is a pro se action for fraud against an attorney who served on an arbitration panel more than 10 years ago in a case involving the Plaintiff.  It is before the Court on the Defendant's Motion to Dismiss [Doc. 20].  For the reasons set forth below, the Defendant's motion is GRANTED.

I.  BACKGROUND

This suit is one of a number that have arisen out of an arbitration that began in 1994 between Plaintiff Theresa B. Bradley and her former broker and his employer, Dean Witter Reynolds, Inc. ("Dean Witter"), a non-party to this action.  On October 24, 1994, the Plaintiff initiated an arbitration proceeding with the National Association of Securities Dealers Dispute Resolution, Inc. ("NASD"), alleging that Dean Witter violated the Securities Exchange Act.  (Compl. ¶¶ 5-7.)  Defendant Keith

Logue is an attorney in private practice who periodically contracts with the NASD to serve as an arbitrator.  The Defendant was appointed to chair the three-member arbitration panel.  As part of her arbitration demand, the Plaintiff requested that the final hearing be held in Atlanta, Georgia.  Pursuant to NASD rules, Dean Witter had seven days in which to object to her selected locale.  (Compl. ¶¶ 6, 9.)  However, according to the Plaintiff, Dean Witter did not file locale objections until 15 months later, requesting that the locale be transferred to Palm Beach, Florida.  (Compl. ¶ 11.) Despite the allegedly untimely objections, the Defendant conducted a hearing regarding Dean Witter's request for a change of venue.  (Compl. ¶ 12.)  On January 6, 1996,[1] the arbitration panel granted the change of venue request and transferred the arbitration to Florida.  (Compl. ¶ 14.)  The Defendant had no further involvement in the arbitration following the transfer.   On January 7, 1998, a panel of Florida arbitrators dismissed with prejudice the Plaintiff's claim.  See Bradley v. National Ass'n of Sec. Dealers Dispute Resolution, Inc., 433 F.3d 846, 848 (D.C. Cir. 2005).

---

[1]In her Complaint, the Plaintiff alleges January 16, 1996, as the date on which the arbitration panel granted the change of locale request.  In his brief, however, the Defendant states that the request was granted on January 6, 1996. The Defendant's assertion is supported by the discussion of the Court of Appeals for the District of Columbia Circuit in a previously-decided related case involving the Plaintiff and NASD.  See Bradley v. National Ass'n of Sec. Dealers Dispute Resolution, Inc., 433 F.3d 846, 848-50 (D.C. Cir. 2005).  The difference is immaterial.

On November 25, 2005, the Plaintiff filed this action against the Defendant, asserting a claim for fraud.  The fraud claim centers around the Defendant's decision to grant Dean Witter's change of venue request.  She claims that the Defendant failed to conduct fair and impartial arbitration proceedings after falsely representing that he would "uphold his duty and obligation to comply with the Uniform Commercial Arbitration Code."  (Compl. ¶ 20.)  According to the Plaintiff, she justifiably relied on these representations to her detriment because, as a result of the change of venue, she lost her right to a "quick, efficient and inexpensive private arbitration" in Atlanta, Georgia, and her right to a final hearing arbitration in general.  (Compl. ¶ 20.)  The Defendant moves to dismiss the fraud claim on several grounds.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See

Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

## III.  DISCUSSION

### A.   Statute of Limitations

The Plaintiff filed this action nearly 10 years after her arbitration proceeding was transferred from Georgia to Florida.  The Defendant contends that the action is barred by the applicable statute of limitations.  In diversity cases, a federal court is required to apply the substantive law of the forum state.  Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983).  State statutes of limitations are considered substantive laws and, therefore, must be followed by federal courts. Jinks v. Richland County, S.C., 538 U.S. 456, 465 (2003); Guaranty Trust Co. v. York, 326 U.S. 99 (1945).  Under Georgia law, the statute of limitations for claims alleging fraud is four years.  O.C.G.A. § 9-3-31; Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1327 (11th Cir. 2005).  However, "[i]n cases where the gravamen of the underlying complaint is fraud, the limitation period is tolled until such fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence."  Hunter, Maclean, Exley & Dunn, P.C. v. Frame, 269 Ga. 844, 847 (1998) (punctuation omitted); Shipman v. Horizon Corp., 245 Ga. 808, 808 (1980).  A

plaintiff may fail to exercise due diligence as a matter of law.  Nash v. Ohio National
Life Ins. Co., 266 Ga. App. 416, 418 (2004).

The Plaintiff's claim is based on the alleged fraud associated with the
Defendant's administration of the arbitration proceedings and grant of Dean Witter's
change of venue request.  These actions all occurred between October 1995 and
January 1996.  The Plaintiff, nevertheless, maintains that the statute of limitations was
tolled until sometime in 2005.  In her responsive brief, the Plaintiff asserts that the
statute of limitations did not begin to run until September 10, 2005,[2] when she
discovered that the Defendant had accepted "bribes."  (Pl.'s Resp. to Mot. to Dismiss
at 2, 5.)[3]  The Plaintiff does not allege how the alleged bribery relates to the discovery
of her fraud claim, which arises out of the Defendant's misrepresentations concerning
his duty to uphold relevant arbitration rules.  More importantly, however, the
September 5, 2005, discovery date does not appear anywhere in the Plaintiff's
Complaint.  Consequently, the Court declines to consider the Plaintiff's argument
regarding accrual of the statute of limitations on September 5, 2005.  Instead, the

_____

[2]In her brief, the Plaintiff also alleges a discovery date of September 10,
2006.  (Pl.'s Resp. to Mot. to Dismiss at 2.)  Given that this date post-dates this
order as well as the filing date of the Plaintiff's complaint, the Court assumes this
to be an inadvertent error.

[3]
 The "bribes" were the administrative fees paid by Dean Witter at the
beginning of the arbitration proceeding.

Court will address the alleged discovery of the fraud claim as asserted in the Complaint.

In her Complaint, the Plaintiff claims that she did not discover the alleged fraud until the oral argument in a related case, during which she learned that the Defendant had made allegedly false statements regarding his obligations and duties associated with her arbitration.[4]  The Plaintiff, therefore, maintains that the limitations period on her fraud claim was tolled until November 10, 2005, the date of the oral argument. (Compl. ¶ 22.)  As noted above, a fraud claim accrues when the plaintiff discovers the fraud or when the fraud could have been discovered through the exercise of reasonable diligence.  The Plaintiff alleges that the Defendant misrepresented his obligation to uphold the Uniform Commercial Arbitration Code ("UCAC") and the NASD rules. Thus, the four-year statute of limitations would have begun to run when she discovered or could have reasonably discovered that the Defendant intended not to or failed to abide by the rules.  According to the Plaintiff, the failure to abide by the rules

---

[4]It is unclear from the Complaint whether these alleged false statements form the basis of her fraud claim.  However, the Plaintiff could not assert a fraud claim based upon these statements.  She claims that she was not aware of these statements until November 10, 2005.  Therefore, she cannot allege that she justifiably relied on these particular statements during the initial stages of her arbitration in 1995 and 1996.  As such, the Court will assume that the Plaintiff bases her claim on previously made similar misrepresentations at or near the time of the allegedly improper conduct by the Defendant.

occurred when the Defendant improperly conducted certain proceedings and granted the change of venue request.  The Plaintiff discovered the alleged fraud, therefore, on January 6, 1996,[5] the date the change of venue request was granted.  Accordingly, to be timely, the Plaintiff's fraud claim must have been brought on or before January 6, 2000.  Because the Plaintiff did not file her complaint until November 25, 2005, her claim is barred by the statute of limitations.

### B.   Arbitral Immunity

Even if the statute of limitations does not serve as a bar, the Defendant is entitled to dismissal of the Plaintiff's claim based on arbitral immunity.  Arbitral immunity is a product of the doctrine of judicial immunity.  The Supreme Court has stated that "judicial immunity extend[s] not only to public officials but also to private citizens (in particular jurors and arbitrators); the touchstone for its applicability [is] performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.8 (1993) (quoting Burns v. Reed, 500 U.S. 478, 500) (Scalia, J., concurring in judgment in part and dissenting in part)).  Courts have uniformly recognized the doctrine of arbitral immunity, finding that arbitrators and organizations that sponsor arbitrations are immune from civil liability for acts performed within the

_____

[5]See note 1, supra.

scope of the arbitral process.  See Galuska v. New York Stock Exch., 210 F.3d 374, 2000 WL 347851, *2 (7th Cir. 2000) (unpublished opinion); New England Cleaning Servs., Inc. v. American Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999); Honn v. National Ass'n of Sec. Dealers, Inc., 182 F.3d 1014, 1017 (8th Cir. 1999); Hawkins v. National Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 332 (5th Cir. 1998); Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir. 1990); Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987); Corey v. New York Stock Exch., 691 F.2d 1205, 1208-09 (6th Cir. 1982); Cahn v. International Ladies' Garment Union, 311 F.2d 113, 114-15 (3d Cir. 1962).

As noted, the Plaintiff's claim arises out of the Defendant's decision to grant a change of venue and his alleged unlawful administration of the arbitration proceedings.   Conducting proceedings and making procedural and factual determinations are clearly within the scope of the arbitral process.  Moreover, these are functions regularly performed by judges and, thus, quasi-judicial immunity extends to these acts.  Nevertheless, the Plaintiff asserts that the Defendant is not entitled to immunity because he "willfully engaged in non-judicial acts." (Compl. ¶ 21.)  However, she acknowledges that the Defendant's actions were associated with "his duties and responsibilities to uphold the Uniform Commercial Arbitration Code." (Compl. ¶ 21.)  Even if he acted improperly in carrying out his arbitral duties, the

Defendant's actions are still subject to arbitral immunity.  See Honn, 182 F.3d at 1018;  Smith v. Shell Chem. Co., 333 F. Supp. 2d 579, 585-89 (M.D. La. 2004) (applying arbitral immunity to bar claims of fraudulent and biased actions taken during arbitration proceeding); Stasz v. Schwab, 17 Cal. Rptr. 3d 116, 126 (Cal. Ct. App. 2004) ("Even corrupt or biased acts are subject to [arbitral] immunity."). Accordingly, dismissal of the Plaintiff's claim is warranted.[6]

## IV.  CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 20] is GRANTED.

SO ORDERED, this 27th day of July, 2006.

s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[6]Rather than filing a separate civil action, the appropriate remedy for a party alleging fraud or other forms of misconduct by an arbitrator is to challenge the arbitration award itself.  See Caudle v. American Arbitration Ass'n, 230 F.3d 920, 922 (7th Cir. 2000); Corey, 691 F.2d at 1211.  In fact, the Federal Arbitration Act provides the exclusive remedy to challenge an arbitration award that the party alleges was "procured by corruption, fraud, or undue means" or where there is evidence of "partiality or corruption in the arbitrators" or "other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a); Corey, 691 F.2d at 1211-12; Smith, 333 F. Supp. 2d at 583.